IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LEANDREW DAUGHTRY,        :

     Plaintiff,           :

vs.                     :     CIVIL ACTION 08-00215-KD-C

SHERIFF BOBBY MOORE,     :

     Defendant.         :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.  It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

I.  Nature of Proceedings.

On April 24, 2008, Plaintiff filed a § 1983 Complaint in this Court.  (Doc. 1).  On May 2, 2008, the Court ordered Plaintiff to re-file his Complaint on this Court's form (Doc. 2), which Plaintiff did on June 23, 2008, naming Sheriff Bobby Moore as the sole defendant.  (Doc. 5).

Plaintiff alleges in his Complaint that his Eighth Amendment right to be free from cruel and unusual punishment was violated from October 9, 2007, to April 25, 2008,

when he was housed in the Clarke County Jail. (Doc. 5 at 4). Plaintiff alleges that, during that time, he was forced to drink water from the sink and toilet in his cell because he was given no other liquids with his meals; his food trays were placed on filthy tables; other inmates picked food off of his food trays; he was not seen by a nurse during his entire stay at the jail, including when he was booked into the jail; he was not given the opportunity to speak with any of the jail administrators, despite requesting to do so; the meals were not nutritious; inmates were not given receipts for money sent to them by friends and family; and he did not receive medical attention for bumps on his neck and shoulders caused by the filthy day room environment. (Doc. 5 at 4-6). Plaintiff seeks compensatory damages and injunctive relief.[1] (Id. at 9).

II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court has reviewed Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B).[2]  Under § 1915(e)(2)(B)(i), a

---

[1] Plaintiff was transferred from the Clark County Jail on or around April 25, 2008. (Doc. 5). "[A]n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred." Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (quoting Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985)); accord Harrison v. Culliver, 2008 WL 2788352, *3 (S.D. Ala. 2008). Therefore, Plaintiff's claim for injunctive relief related to his incarceration at the Clarke County Jail is moot.

[2] The predecessor to this section is 28 U.S.C. § 1915(d). Although Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319 (1989), was unaltered. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). However, dismissal under § 1915(e)(2)(B) is now mandatory. Bilal, 251 F.3d at 1348.

claim may be dismissed as "frivolous where it lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, the claim seeks to enforce a right which clearly does not exist, id., or there is an affirmative defense which would defeat the claim, such as the statute of limitations, res judicata, collateral estoppel, or absolute immunity. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that the language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) ("plaintiffs [must] nudge[] their claims across the line from conceivable to plausible"). "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Id. at 1965. That is, the allegations must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966 (citations omitted). "[L]abels and conclusions, and a formulaic

3

recitation of the elements of a cause of action" are insufficient grounds for entitlement to relief. <u>Id.</u> at 1965. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. <u>Jones v. Bock</u>, 549 U.S. 199, 215 (2007).

In determining whether a complaint states a claim upon which relief can be granted, the Court takes the plaintiff's allegations as true. <u>Jones</u>, 549 U.S. at 215. A <u>pro se</u> litigant's allegations are given a liberal construction by the Court. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (the allegations of a <u>pro se</u> plaintiff are held to "less stringent standards than formal pleadings drafted by lawyers."); <u>GJR Investments, Inc. v. County of Escambia, Fla.</u>, 132 F.3d 1359, 1369 (11yh Cir. 1998) ("Courts do and should show a leniency to <u>pro se</u> litigants."). The foregoing notwithstanding, the Court does not have "license . . . to rewrite an otherwise deficient pleading [filed by a <u>pro se</u> litigant] in order to sustain an action." <u>Id.</u> Furthermore, a <u>pro se</u> litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).

Therefore, leniency notwithstanding, with respect to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, a <u>pro se</u> litigant's allegations must meet the <u>Twombley</u> standard of plausibility. <u>See</u> <u>Hall v. Secretary for Dep't of Corrs.</u>, 2008 WL 5377741, *1 (11th Cir. 2008) (unpublished)[3] (applying <u>Twombly</u> standard to <u>pro</u>

---

[3] Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

se prisoner complaint screened pursuant to § 1915(e)(2)(B)(ii)); and <u>Cobb v. Florida</u>, 293

Fed. Appx. 708, 709 (11th Cir. 2008) (unpublished) (liberally construing <u>pro se</u> prisoner's

pleadings and applying <u>Twombly</u> standard in screening pursuant to § 1915A(b)(1)).

    III.  <u>Discussion</u>.

    In his Complaint, Plaintiff alleges that his Eighth Amendment rights were violated

during his incarceration in the Clarke County Jail from October 9, 2007, to April 25,

2008.  (Doc. 5).  For each of the reasons set forth below, Plaintiff's allegations fail to

state a claim upon which relief can be granted.

    A.  <u>No Respondeat Superior Liability</u>.

    In his Complaint, Plaintiff makes no specific allegations against Defendant, Sheriff

Bobby Moore.[4]  Rather, he proceeds against Sheriff Moore on a theory of *respondeat*

*superior*.  (Doc. 5 at 7).  The law is settled that an Alabama Sheriff can have no

*respondeat superior* or vicarious liability for a § 1983 claim.  <u>Marsh v. Butler County,</u>

<u>Ala.</u>, 268 F.3d 1014, 1035 (11th Cir. 2001).  <u>Accord</u> <u>Weaver v. Mobile County</u>, 228 Fed.

Appx. 883, 886 (11th Cir. 2007) ("It is well-established that a 'Sheriff can have no

---

    [4] The Court assumes for purposes of this screening that Plaintiff is suing Sheriff Moore in his official and individual capacities.  To the extent that Plaintiff is proceeding against Sheriff Moore in his official capacity, Sheriff Moore, as a state official, is absolutely immune from suit for damages.  <u>See</u> <u>Lancaster v. Monroe County, Ala.</u>, 116 F.3d 1419, 1429 (11th Cir. 1997) (Alabama state officials are immune from claims brought against them in their official capacities); <u>Turquitt v. Jefferson County, Ala.</u>, 137 F.3d 1285, 1288-89 (11th Cir. 1998) (a county sheriff acts as a state officer when supervising inmates and operating county jails).  To the extent that Plaintiff is proceeding against Sheriff Moore in his individual capacity, the Court finds, for the reasons discussed herein, that he fails to state a claim upon which relief can be granted.

respondeat superior liability for a section 1983 claim.'") (unpublished) (citations omitted).

Sheriff Moore can be liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions . . . and the alleged constitutional deprivation." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (citations omitted). "The necessary causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.'" Id. (citations omitted). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

"Alternatively, the causal connection may be established when a supervisor's 'custom or policy . . . result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" Cottone, 326 F.3d at 1360 (citations and internal quotation marks omitted). In addition, a causal connection may be established by proving that a supervisory defendant breached a duty imposed by state or local law, and this breach caused Plaintiff's constitutional injury. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).

In his Complaint, Plaintiff does not allege that Sheriff Moore personally participated in any of the actions about which he complains, nor does he allege obvious,

flagrant, or rampant abuse of continuing duration in the face of which Sheriff Moore failed to take corrective action.  In fact, no where in his Complaint does Plaintiff allege any affirmative causal connection between Sheriff Moore's actions, orders, customs, policies, or breaches of statutory duty and a deprivation of his constitutional rights. Therefore, Plaintiff's allegations, which are based solely on *respondeat superior* liability, fail to state a claim upon which relief can be granted.

B. No Deprivation of Constitutional Magnitude.

It is settled that "the Constitution does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. 337, 349 (1981).  All that is required under the Eighth Amendment is that prison officials "ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates[.]'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citations omitted); see also Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11th Cir. 1985) (finding that the Eighth Amendment requires that a prisoner receive "reasonably adequate food, clothing, shelter, and sanitation.").  Prison conditions constitute cruel and unusual punishment when they result in the "unquestioned and serious deprivation of basic human needs." Rhodes, 452 U.S. at 346.

In order to prevail on an Eighth Amendment claim alleging inhumane conditions of confinement, an inmate must make both an objective and a subjective showing. Farmer, 511 U.S. at 834.  The objective component requires the Court to look to "contemporary standards of decency" to determine whether the challenged conditions

7

resulted in a deprivation of "the minimal civilized measure of life's necessities" or "basic human needs." Rhodes, 452 U.S. at 347.

"[E]xtreme deprivations are required to make out a conditions-of-confinement claim," "[b]ecause routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society[.]'" Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations omitted). "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." Wilson v. Seiter, 501 U.S. 294, 305 (1991).

The subjective component requires that the prison official have been "deliberate[ly] indifferen[t]" to a substantial risk of serious harm. Farmer, 511 U.S. at 828-29. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Moreover, "[a] plaintiff must also show that the constitutional violation caused his injuries." Marsh, 268 F.3d at 1028.

In this action, Plaintiff alleges that, for six months, he was forced to drink water from the sink and toilet in his cell because he was given no liquids with his meals. (Doc. 5 at 4). The Court accepts as true Plaintiff's allegation that he was denied liquids with his meals. However, Plaintiff's concession that he was able to obtain drinking water from his

8

sink belies the rather dramatic assertion that he was forced to drink water from the toilet.[5]

Plaintiff does not allege a time that he was unable to obtain drinking water from his sink.

Thus, Plaintiff's allegation that he was forced to drink tap water from the sink in his cell

does not support a claim of an "unquestioned and serious deprivation of [a] basic human

need[]." Rhodes, 452 U.S. at 347. See, e.g., Jones v. Ford, 2009 WL 235355, *1-2 (S.D.

Miss. 2009) (Plaintiff's complaint that he had no alternative source of drinking water

besides the tap water in the sink in his cell, which he felt was unsanitary, failed to state a

claim under the Eighth Amendment as it involved "a de minimis level of imposition.").

　　　In addition, Plaintiff alleges that his food trays were placed on unsanitary tables;

inmates "pick[ed] over" his food; his meals were non-nutritious; he was not given the

opportunity to speak with jail administrators; he was not given a receipt for money sent

by friends and family; he was not checked for diseases during booking; and he did not

receive medical care for bumps on his neck and shoulders.  (Doc. 5 at 4-6).  These

deprivations, even if true, are not "extreme" and do not rise to the level of a deprivation

of the minimal civilized measure of life's necessities or of a basic human need.  Hudson,

503 U.S. at 9; Rhodes, 452 U.S. at 347.

　　　Furthermore, Plaintiff has alleged no injury whatsoever as a result of any of his

alleged deprivations, with the exception of bumps on his neck and shoulders.  42 U.S.C. §

---

　　　[5] Section 1915 "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citations omitted).

1997e (e) provides: "No Federal civil action may be brought by a prisoner confined in a

jail, prison, or other correctional facility, for mental or emotional injury suffered while in

custody without a prior showing of physical injury."  Though § 1997e(e) does not define

physical injury, the Eleventh Circuit has held that, "in order to satisfy the statute, 'the

physical injury must be more than de minimis, but need not be significant.'"  Dixon v.

Toole, 225 Fed. Appx. 797, 799 (11th Cir. 2007) (unpublished) (citations omitted).

> A helpful guide for determining the types of injuries that
> surmount the *de minimis* physical injury bar has been
> described as follows:
>> A physical injury is an observable or
>> diagnosable medical condition requiring
>> treatment by a medical care professional.  It is
>> not a sore muscle, an aching back, a scratch, an
>> abrasion, a bruise, etc., which last even up to
>> two or three weeks.  People in regular and
>> ordinary events and activities in their daily lives
>> do not seek medical care for the injuries they
>> receive unless it obviously appears to be of a
>> serious nature, or persists after home remedy
>> care.  Thus, the seriousness of the injury needed
>> to rise above *de minimis*, would under Siglar v.
>> Hightower, (cite omitted), require more than the
>> types and kinds of bruises and abrasions about
>> which the Plaintiff complains.

Talley v. Johnson, 2008 WL 2223259, *3 (M.D. Ga. 2008) (citing Luong v. Hatt, 979 F.

Supp. 481 (N.D. Tex. 1997)).  Plaintiff's sole allegation of injury, *i.e.*, bumps on his neck

and shoulders, is insufficient to constitute physical injury under § 1997e(e).[6]  Seea also

---

[6] Although § 1997e(e) may allow a claim for nominal damages or injunctive relief, see
Blue v. Patarroyo, 2009 WL 347792, *6 (S.D. Fla. 2009), Plaintiff has not sought
nominal damages, and his claim for injunctive relief is moot for the reasons discussed

Dolberry v. Levine, 567 F. Supp. 2d 413, 418 (W.D.N.Y. 2008) ("Although plaintiff does allege that he suffered a skin rash due to the lack of showers, that is a *de minimis* injury that does not give rise to a claim.") (citing Brown v. Pierce, 2008 WL 619288, *5 (C.D. Ill. 2008) ("several courts have held that a rash resulting from cell conditions is a *de minimis* injury that does not rise to the level of a constitutional violation") (collecting cases) (unpublished)).

Because Plaintiff has failed to allege circumstances which would establish a deprivation of the "the minimal civilized measure of life's necessities" or of a basic human need, he has failed to meet the objective component of his Eighth Amendment claim. The Court's discussion of the subjective component of Plaintiff's Eighth Amendment claim is pretermitted.

IV.  Conclusion.

Accordingly, it is recommended that this action be dismissed without prejudice, prior to service of  process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 3rd day of April, 2009.

_____

herein.

     s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE' S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.    **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.